```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

RAMIRO BURGOS, §
 §
    Petitioner-Defendant, §
 §    CIVIL ACTION NO. H-15-1474
v. §    (Criminal No. H-13-368-01)
 §
THE UNITED STATES OF AMERICA, §
 §
    Respondent-Plaintiff. §

## MEMORANDUM OPINION AND ORDER

Petitioner, Ramiro Burgos, has filed a Motion By a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Petitioner's § 2255 Motion") (Docket Entry No. 1 in C.A. No. H-15-1474; Docket Entry No. 172 in Crim. No. H-13-368) and a Memorandum of Law in Support of Movant's 28 U.S.C. § 2255 Motion (Docket Entry No. 173 in Crim. No. H-13-368). Pending before the court is the United States' Memorandum in Response to § 2255 Petition and Motion to Dismiss (Docket Entry No. 180 in Crim. No. H-13-368).

Burgos contends that the government breached his Plea Agreement "when it advocated the firearm charge named in count 17 after the government promised it would not bring 'any other charges' against defendant Burgos as part of the plea deal for sentencing purposes." (Petitioner's § 2255 Motion, Docket Entry

No. 172 in Crim. No. H-13-368, p. 3) Count Seventeen of the Indictment charged Burgos with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Indictment, Docket Entry No. 1 in Crim. No. H-13-368, p. 10) This contention has no merit.

In Burgos' Plea Agreement the government agreed not to "bring any further counts arising from the same incident as that which gave rise to the charges in the indictment, and the government will dismiss all the remaining Counts in the indictment as to this defendant." (Plea Agreement, Docket Entry No. 80 in Crim. No. H-13-368, p. 4 ¶ 10(a)) Burgos pled guilty to Count Two, which charged him with distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Although Burgos' offense level was increased by two levels for possession of a firearm (See Presentence Investigation Report, Docket Entry No. 141 in Crim. No. H-13-368, p. 21 ¶ 128.), he was not convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Judgment in a Criminal Case, Docket Entry No. 147 in Crim. No. H-13-368) The Plea Agreement did not prohibit the government from arguing for guideline adjustments. United States v. Robinson, 117 F. App'x 973 (5th Cir. 2004).

Since the two-level enhancement for possession of a firearm did not violate the terms of the Plea Agreement, Burgos' contention that his counsel was ineffective for not objecting to the enhancement on this basis likewise has no merit.

Because neither of the grounds for relief asserted by Burgos has any merit, the United States' Motion to Dismiss (Docket Entry No. 180 in Crim. No. H-13-368) is **GRANTED**.

**SIGNED** at Houston, Texas, this 22nd day of September, 2015.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE